IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 18-187 (PAD) |
| [1] JUAN RAMON DIAZ-MARCANO | |

**ORDER**

I. Background

On December 14, 2020, the U.S. Probation Office ("USPO") filed a motion notifying Defendant's violations to his conditions of supervised release. Docket No. 51. The motion informed that, on October 28, 2020, the Defendant was charged in state court with violations to Articles 3.1 and 3.3 of the Puerto Rico Domestic Violence Law ("Law 54"). The motion further informed that, according to the documents submitted in state court, the Defendant psychologically abused, threatened to kill, and caused damage to the property of a former consensual partner and that provisional restraining orders were issued. According to the motion, a preliminary hearing was held on December 2, 2020. During that hearing, both parties requested that the restraining orders be vacated, the charge under Article 3.1 was dismissed, and probable cause was found for violation to Article 3.3 of Law 54. Per the motion, Defendant was on bail on his own recognizance. The motion at Docket No. 51 charged Defendant with violation to Mandatory Condition 1: "The defendant shall not commit another federal, state or local crime.".

On April 27, 2021, the USPO filed another motion "providing additional information on supervised release violations and requesting the issuance of an arrest warrant". Docket No. 52. That motion informed that the Defendant was under custody of the Puerto Rico Department of Corrections and facing the following: two charges under Article 3.3 of Law 54 (mistreatment based on threats), two charges under Article 3.2.D of Law 54 (aggravated mistreatment in front of minors), two charges under Article 6.06 of the Puerto Rico Weapons Law (carrying and use of bladed weapons), and two charges under Article 93A of the Puerto Rico Penal Code (first degree murder/aggravated attempt). According to the motion, a preliminary hearing was to be held on April 28, 2021. The USPO charged Defendant with violations to Mandatory Condition 1 ("The defendant shall not commit another federal, state, or local crime.") and Special Condition 4 ("The defendant shall refrain from possessing firearms, destructive devices and other dangerous weapons.") of his conditions of supervised release. An arrest warrant was issued.

On September 3, 2021, Defendant informed his objection to the holding of the preliminary hearing by videotelephone conference and requested an in-person hearing, as well as its continuance. Docket No. 65. On September 21, 2021, the Defendant requested that the preliminary revocation hearing be continued for another thirty (30) days or until conclusion of probable cause proceedings in state court. Docket No. 72.

The case was called for the preliminary revocation hearing on October 29, 2021. Docket No. 77. The Government called USPO Damary Flores-Montalvo to the stand. However, during her testimony, it became evident that the USPO and the Government had failed to disclose all available documentary evidence to the defense. The defense requested a continuance of the hearing. See Docket No. 77. On November 8, 2021, the preliminary revocation hearing was held.

The Court finds that there is probable cause that Defendant violated the conditions of his supervised release as alleged in Docket Nos. 51 and 52.

II.     Preliminary Revocation Hearing Standard

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.". Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is narrow in scope. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I.) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed.R.Evid. 1101(d)(3). Although pursuant to Rule 32.1(b)(1)(B), in a preliminary revocation hearing, the judge must give a person "an opportunity to question any adverse witness", confrontation of an adverse witness is not required when the judge determines that "the interest of justice does not require the witness to appear". Fed.R.Crim.P. 32.1(b)(1)(B)(iii). See United States v. Fontanez, 845 F.3d 439, 443 (1st Cir. 2017) (A releasee does not have a Sixth Amendment right to confront witnesses). A finding of probable cause may be based, in whole or in part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005). When the hearsay appears to be reliable and the government has proffered a reason for not producing the witness, the Court may consider it in revocation proceedings. United States v. Fontanez, 845 F.3d at 443.

III.    Discussion

Through the testimony of USPO Damary Flores-Montalvo, the Government established that revocation in this case is sought on account of two separate domestic violence incidents. The first occurred on October 20, 2020 and gave rise to the motion at Docket No. 51. The second occurred on April 2, 2021 and gave rise to the motion at Docket No. 52. Each incident refers to a different victim, who at some point or another have been consensual partners of the Defendant.

A. The October 20, 2020 Incident

USPO Flores-Montalvo testified to have reviewed the file of the USPO, the complaint filed with the Puerto Rico Police Bureau, and state court documents, including protective orders and judgment. USPO Flores-Montalvo did not interview the victim. However, she testified that the USPO learned of the incident of domestic violence while performing a criminal record check. And that, on October 30, 2020, the Defendant self-reported the incident. Defendant admitted to having had a verbal altercation with the victim (including insults) but denied physical violence. According to the testimony of USPO Flores-Montalvo and per the criminal complaint, Defendant threatened the victim by telling her that she was dead, that he was to punch her in the face, and that he was going to burn her car. A provisional protective order was issued against Defendant on October 28, 2020. A preliminary hearing was held on December 2, 2020. Probable cause was found as to violation of Article 3.3 of Law 54. However, the victim did not request an extension of the protective order, which expired on December 2, 2020. Defendant was ultimately found not guilty.

The Court finds that there is probable cause that Defendant violated Mandatory Condition 1 of his conditions of supervised release as alleged at Docket No. 51. The Defendant reported to the USPO the filing of charges for violations to Law 54 on account of a verbal altercation, a provisional protective order was issued, the criminal complaint against Defendant included allegations of threats to a consensual partner, and probable cause was found for violation to Article 3.3 of Law 54. Even though ultimately the criminal complaint in state court did not prosper, probable cause was found as to violation to Article 3.3 of Law 54 and a provisional protective order was issued. There is thus a fair probability that the violation occurred to establish a finding of probable cause at this stage of the proceedings. See United States v. Rentas-Felix, 235 F. Supp. 3d 366, 385 (D.P.R. 2017) (lack of probable cause in state court does not preclude revocation proceedings); United States v. Franklin, 2021 WL 4080245 (D. Mass. Sept. 8, 2021) ("court may conclude that defendant committed a crime, regardless of any underlying charge or conviction, if it finds that the evidence presented at the revocation hearing supports that conclusion by a preponderance of the evidence").

B. The April 2, 2021 Incident

USPO Flores-Montalvo testified to have reviewed state court documents, including protective orders and the victim's handwritten account of the incident that gave rise to the criminal complaint. USPO Flores-Montalvo further testified to have spoken to Puerto Rico Police Agent José Solá and to the victim on two separate occasions. As testified by USPO Flores-Montalvo, during her interview with the victim, USPO Flores-Montalvo confirmed that the victim's verbal version of the facts coincided with her handwritten statement provided in support of the request for a protective order in state court.

USPO Flores-Montalvo testified that according to her discussion with the victim and the documentary evidence submitted in support of the criminal complaint, on April 2, 2021, Defendant and the victim argued due to phone calls made by another man to the victim. The argument escalated in front of the minor child of the victim. Defendant broke the victim's cellular phone and a pedestal fan and grabbed the victim by the neck. With a thirteen-inch (13") knife, Defendant then stabbed the victim in the palm of her right hand as she tried to defend herself. The victim received

twenty-six (26) stitches. And, according to the testimony of USPO Flores-Montalvo, Defendant threatened to kill the victim "like a dog" and surrender her child to her mother.

A provisional protective order against Defendant was issued on April 2, 2021. A preliminary hearing was held on June 2, 2021. Probable cause was found as to two charges under Article 3.2.D of Law 54, one charge under Article 3.3 of Law 54, two charges under Article 6.06 of the Puerto Rico Weapons Law, and one charge under Article 93A of the Puerto Rico Penal Code. Another protective order against Defendant was issued on May 10, 2021, which will remain in effect for two (2) years; until May 10, 2023. Trial was set for July 15, 2021 but not held as the victim failed to appear. The charges were dismissed on August 9, 2021. Pursuant to the testimony of USPO Flores-Montalvo, during her last conversation with the victim on September 21, 2021, the victim expressed that she did not want to cooperate in the state case against Defendant, that she had reconciled with the Defendant, and that she would not cooperate in the proceedings before this Court.

The defense objected to the use of the victim's statements in this case on hearsay grounds. However, the Government presented testimony from USPO Flores-Montalvo that the victim failed to appear for trial at state court and categorically expressed an unwillingness to appear in these proceedings. Further, USPO Flores-Montalvo interviewed the victim and corroborated that the victim's verbal account of the incident coincided with her handwritten statements submitted in support of the protective order. Therefore, any hearsay evidence referenced during USPO Flores-Montalvo's testimony is reliable. See e.g., United States v. Fontanez, 845 F.3d 439, 443 (1st Cir. 2017) (the officer's interaction with the victim bolstered the testimony's reliability); United States v. Joseph, 2020 WL 565378, at *4 (E.D.N.Y. Feb. 4, 2020) ("In a revocation proceeding, which lacks the full range of procedural safeguards characteristic of a typical criminal proceeding, the Victim's past and ongoing refusal to cooperate despite the government's efforts to secure her attendance at defendant's upcoming hearing, suffice to establish her unavailability for the revocation hearing.").

Finally, the defense posed that a finding of probable cause as to the incident of April 2, 2021 is not warranted because the motion at Docket No. 52 did not give notice to the Defendant of the alleged misconduct. The motion at Docket No. 52 informed that the Defendant had been arrested and charged with violations to Law 54, the Puerto Rico Weapons Law, and the Puerto Rico Penal Code for attempted first degree murder, that such a matter was pending before state court at the preliminary hearing stage, that Defendant was detained, and that he had violated Mandatory Condition 1 and Special Condition 4 of his conditions of supervised release. Docket No. 52. But the motion did not include the date of the domestic violence incident at issue. However, the allegations set forth in a motion to revoke supervised release do not have to be as specific as those of an indictment. Kartman v. Parratt, 397 F.Supp. 531 (D.Neb.1975). Furthermore, any deficiency was cured when the Government and the USPO produced documents related to the April 2, 2021 incident to the Defendant by September 22, 2021. See Docket No. 74. At least one month prior to the preliminary revocation hearing the Defendant was put on notice of the date of the incident pertaining to the conduct charged at Docket No. 52. See also Docket No. 72 (Defendant's request for a continuance of the preliminary revocation hearing until conclusion of probable cause proceedings in state court for the April 2, 2021 incident).

The Court finds that there is probable cause that Defendant violated Mandatory Condition 1 and Special Condition 4 of his conditions of supervised release as alleged at Docket No. 52. The state court documents described by USPO Flores-Montalvo, including the criminal complaint, the handwritten statements of the victim, the issuance of temporary and permanent protective orders against Defendant, and the finding of probable cause for multiple violations to Law 54, the Puerto Rico Weapons Law and attempted first degree murder, support a finding of probable cause. See United States v. Rentas-Felix, 235 F. Supp. 3d at 385; United States v. Franklin, 2021 WL 4080245.

IV.   Conclusion

Given the testimonial evidence presented by the Government during the hearing, relevant portions of which are discussed above, the Court finds that there is probable cause that Defendant violated the conditions of his supervised release as alleged by the USPO at Docket Nos. 51 and 52. Defendant will remain detained pending final revocation proceedings. This matter is referred to the presiding District Judge for final revocation proceedings.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 16th day of November 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge